IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS MANUEL RODRIGUEZ,** | : | **CIVIL ACTION** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 07-CV-450** |
| **TROY LEVI, WARDEN, et al.,** | : | |
| **Respondents** | : | |

<u>REPORT AND RECOMMENDATION</u>

TIMOTHY R. RICE                                                                               April 24, 2007
U.S. MAGISTRATE JUDGE

Petitioner Luis Manuel Rodriguez, a prisoner at the Federal Detention Center in

Philadelphia has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241.  For the following reasons, I respectfully recommend his claims be dismissed without

prejudice as non-cognizable.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

Rodriguez is awaiting trial on June 5, 2007 before the Honorable Cynthia M. Rufe.  On

September 27, 2006, Rodriguez was indicted in <u>United State v. Ramos</u>, Criminal No. 06-539, on

one count of conspiracy to distribute 50 or more grams of crack cocaine, in violation of 21

U.S.C. § 846; six counts of distributing crack cocaine and heroin, in violation of 21 U.S.C. §

841(a)(1), (b)(1)(c); and six counts of aiding and abetting the distribution of crack cocaine and

heroin, in violation of 18 U.S.C. § 2.[1]  Rodriguez is represented by Criminal Justice Act attorneys

in his pending criminal matter.

Rodriguez's federal petition for a writ of habeas corpus, dated December 8, 2006, was

---

[1] On November 9, 2006, I arraigned Rodriguez.

filed on February 2, 2007.  Rodriguez alleges the District Court lacks jurisdiction to conduct his

trial because the statute conferring jurisdiction in federal criminal cases to the United States

District Courts, 18 U.S.C. § 3231, and the criminal statutes he is accused of violating, are

unconstitutional because they were not properly enacted.  Therefore, Rodriguez claims he is

unlawfully imprisoned for committing no crime.

**DISCUSSION**

A petition under § 2241 is subject to summary dismissal pursuant to Rule 4 of the Rules

Governing Section 2254 Cases.  See 28 U.S.C. fol. § 2254 (under Rule 1(b), the rules are

applicable to § 2241 cases); see Griffin v. Hogsten, 2007 WL 1140658 at *1 (M.D. Pa. Apr. 17,

2007) (Caputo, J.).  "If it plainly appears from the face of the petition and any exhibits annexed

to it that the petitioner is not entitled to relief in the district court, the judge shall make an order

for its summary dismissal and cause the petitioner to be notified."[2]  Rule 4, 28 U.S.C. fol. § 2254.

An answer is unnecessary "when the petition is frivolous, or obviously lacking in merit. . ."

Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Rodriguez is confined based on the indictment in Ramos, No. 06-539, and has not been

convicted or even tried of the offenses charged in the indictment.  Being indicted and forced to

stand trial is not a constitutional violation.  Stolt-Nielsen, S.A. v. United States, 442 F.3d 177,

184 (3d Cir. 2006).  "Although it is surely true that an innocent person may suffer great harm to

his reputation and property by being erroneously accused of a crime, all citizens must submit to a

---

[2] The process in place allowing a petitioner to object to a Report and Recommendation
provides an adequate opportunity for Rodriguez to be heard.  Cf. United States v. Bendolph, 409
F.3d 155, 168 (3d Cir. 2005) (before summarily dismissing a petition sua sponte as untimely,
petitioner must be given notice and opportunity to be heard).

criminal prosecution brought in good faith so that larger societal interests may be preserved."

Deaver v. Seymour, 822 F.3d 66, 69 (D.C. Cir. 1987).  "[T]he adversary system 'afford[s]

defendants, after indictment, a federal forum in which to assert their defenses - - including those

based on the Constitution.  Because these defendants are already guaranteed access to a federal

court, it is not surprising that subjects of federal investigation have never gained injunctive relief

against federal prosecutors.'"  Stolt-Nielsen, 442 F.3d at 185 (quoting Deaver, 822 F.2d at 69-

70).  Although Rodriguez does not explicitly request an injunction in his criminal trial, his

parallel habeas challenge to the District Court's jurisdiction has the same effect.  Resort to a writ

of habeas corpus is inappropriate where Rodriguez has an adequate opportunity to raise the

claims he raises here.  See id. at 187 (a "suit in equity does not lie where there is a plain,

adequate and complete remedy at law. . .") (internal quotation omitted).

Moreover, the habeas corpus remedy is inappropriately invoked to raise defenses to a

pending federal prosecution.  Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that

in the absence of exceptional circumstances in criminal cases the regular judicial procedure

should be followed and habeas corpus should not be granted in advance of trial."); see also

Riggins v. United States, 199 U.S. 547 (1905).

Rodriguez can challenge the District Court's jurisdiction during the trial proceedings,

where he is represented by an attorney.  This opportunity constitutes an adequate and complete

remedy.  If Rodriguez does not successfully convince the District Court it lacks jurisdiction, he

can file a direct appeal with the United States Court of Appeals for the Third Circuit, and then

pursue a collateral attack under § 2255.  Rodriguez does not put forth any evidence suggesting

his criminal proceedings are inadequate.  Thus, resort to a writ of habeas corpus is inappropriate.[3]

Having determined this petition is inappropriate, and Rodriguez's criminal proceedings provide an adequate opportunity to address his claims, I make the following:

## **RECOMMENDATION**

AND NOW, this 24th day of April, 2007, it is respectfully recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice.  It is also RECOMMENDED that a certificate of appealability not be granted.


BY THE COURT:


 /s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[3] The constitutionality of the federal drugs laws has repeatedly been established.  See, e.g., United States v. Kallestad, 236 F.3d 225, 230 n.29 (5th Cir. 2000).  Moreover, 18 U.S.C. § 3231, which Rodriguez alleges was never properly enacted, has been cited numerous times and accepted as valid.  See, e.g., United States v. Delgado-Garcia, 374 F.3d 1337, 1341-42 (D.C. Cir. 2004).