IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUIS MANUEL RODRIGUEZ,** )   )   **Petitioner,** )   )   v. )   )   **TROY LEVI, et al.,** )   )   **Respondents.** ) | **CIVIL ACTION**   **NO.  07-cv-450** |

## ORDER

**AND NOW**, this 11th day of June 2007, upon independent consideration of the Petition for a Writ of Habeas Corpus [Document No. 1], and after review of the unopposed Report and Recommendation ("R&R") of United States Magistrate Judge Timothy R. Rice [Document No. 6], it is **ORDERED** that:

1. The R&R is **APPROVED** and **ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice.

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of Court shall mark this case **CLOSED**.

It is so **ORDERED**.[1]

---

[1] The Court herein adopts Judge Rice's articulate and well-reasoned R&R.  As set forth in the R&R, Petitioner Rodriguez is awaiting trial before this Court after having been indicted in United States v. Ramos, No. 06-cr-539, on one count of conspiracy to distribute 50 or more grams of crack cocaine, six counts of distributing crack cocaine and heroin, and six counts of aiding and abetting the distribution of crack cocaine and heroin.  Petitioner Rodriguez's original June 5, 2007 trial date has been continued and awaits rescheduling.

Petitioner filed the instant pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner alleges that the District Court lacks jurisdiction to conduct his trial because the statute conferring jurisdiction in federal criminal cases to the United States District Courts, 18 U.S.C. § 3231, and the criminal statutes he is accused of violating, are unconstitutional because they were not properly enacted.  In other words, Petitioner claims he is unlawfully imprisoned for committing no crime.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
**CYNTHIA M. RUFE, J.**

---

A petition for writ of habeas corpus is not appropriately raised as a defense to a pending federal prosecution, Jones v. Perkins, 245 U.S. 390, 391 (1918), and should be dismissed where Petitioner has an adequate opportunity to raise equivalent claims in his criminal proceeding.  See Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 187 (3d Cir. 2006) (a "suit in equity does not lie where there is a plain, adequate and complete remedy at law . . . ."); Withrow v. Williams, 507 U.S. 680, 699 (1993) (stating that habeas corpus is an equitable remedy). Petitioner can challenge the District Court's jurisdiction during the trial proceedings, where he is represented by an attorney.  If Rodriguez does not convince the Court that it lacks jurisdiction, he can file a direct appeal with the United States Court of Appeals for the Third Circuit, and then pursue a collateral attack under 28 U.S.C. § 2255. Accordingly, the Petition for Writ of Habeas Corpus is dismissed without prejudice.